Case 4:12-cv-00853-A Document 16 Filed 03/25/13 Page 1 of 6 PageID 101

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR 2 5 2013

CLERK, U.S. DISTRICT COURT
By_____
        Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

MICHAEL A. POWELL, §
 §
　　　　Petitioner, §
 §
v. § No. 4:12-CV-853-A
 §
RICK THALER, Director, §
Texas Department of Criminal §
Justice, Correctional §
Institutions Division, §
 §
　　　　Respondent. §

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Michael A. Powell, a state prisoner currently incarcerated in Iowa Park, Texas, against Rick Thaler, Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ), respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be denied.

### I. Factual and Procedural History

Petitioner is serving stacked 40-year sentences on his 2005 convictions for aggravated sexual assault of a child younger than 14 years of age, under § 22.021 of the Texas Penal Code,

occurring in April 2000. (Resp't Ans., Ex. A) By this habeas petition, petitioner challenges a 2012 disciplinary proceeding conducted at the James V. Allred Unit of TDCJ, and the resultant temporary loss of recreation and commissary privileges, 15 days solitary confinement, and a loss of 30 days of good time. (Disciplinary Hrg. R. at 1) Petitioner was charged in Disciplinary Case No. 20120290579 with assaulting a corrections officer, a level 1, code 3.3 violation. (*Id.* at 2) After receiving notice of the charges, petitioner attended a disciplinary hearing on July 5, 2012, with a staff representative, or "counsel substitute," during which he pleaded not guilty to the offense. (*Id.* at 1, 8) After considering the evidence admitted during the hearing, the disciplinary hearing officer (DHO) found petitioner guilty of the violation. (*Id.* at 1) Petitioner filed Step 1 and Step 2 grievances contesting the guilty finding, to no avail. (Disciplinary Grievance R.[1]) This federal petition for writ of habeas corpus followed.

## II. Issues

In four grounds, petitioner claims (1) his counsel substitute and the (DHO) refused to allow him to represent

---

[1]The record is not paginated.

himself and presented evidence against him, (2) no code violation exists for "attempted assault" and the charges are unconstitutionally vague, (3) his punishment is unconstitutional, and (4) prison staff have shown deliberate indifference to the reporting officer's assault on him. (Pet. at 6-7)

### III. Rule 5 Statement

Respondent believes the petition is not subject to the limitations or successive-petition bar but asserts petitioner failed to present claims (2) through (4) in his Step 1 and Step 2 grievances and, thus, the claims were not exhausted under TDCJ's administrative process. (Resp't Ans. at 7) A court may deny a petition on the merits notwithstanding a petitioner's failure to exhaust under § 2254(b)(2).

### IV. Discussion

Prisoners charged with rule violations are entitled to certain procedural due process requirements under the Fourteenth Amendment when the disciplinary action results in a sanction that will impinge upon a liberty interest. See Sandin v. Conner, 515 U.S. 472, 484 (1995). The minimum amount of procedural due process required for prison inmates under these circumstances includes: (1) advance written notice of the disciplinary charges; (2) an opportunity to call witnesses and present

3

documentary evidence when the presentation is not unduly hazardous to institutional safety and correctional goals; and (3) a written statement by the fact finder of the evidence relied upon and the reason for the disciplinary action. *See Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974); *Morrissey v. Brewer*, 408 U.S. 471, 488 (1972).

A Texas prisoner who is eligible for release to mandatory supervision has a protected liberty interest in the loss of good time credits, and TDCJ must accord the inmate minimal procedural due process before depriving him of any previously earned good time credits through administrative or disciplinary proceedings.[2] *Teague v. Quarterman*, 482 F.3d 769, 776-81 (5th Cir. 2007); *Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000); *Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000). Thus, in order to challenge a prison disciplinary proceeding by way of a federal petition for a writ of habeas corpus, a petitioner must, at a minimum, be eligible for mandatory supervised release and have received a punishment sanction which included forfeiture of previously accrued good time credits. *Malchi*, 211 F.3d at

---

[2] It is well settled that Texas prisoners have no protected liberty interest in parole in Texas. *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997).

4

958.

As stated by respondent, petitioner is not eligible for release on mandatory supervision. The mandatory supervision statute in effect when he committed his offenses, and now, provides that a prisoner may not be released to mandatory supervision if the prisoner is serving a sentence for "a first degree felony under Section 22.021, Penal Code." See Act of May 10, 1999, R.S., 76th Leg., ch. 62, § 10.22, 1999 Tex. Gen. Laws 127, 329 (currently TEX. GOV'T CODE ANN. § 508.149(a)(8) (West 2012)).

Since petitioner is ineligible for mandatory supervision based on his holding convictions, the loss of good time credits in his disciplinary case does not implicate a protected liberty interest. Kimbrell v. Cockrell, 311 F.3d 361, 362 (5th Cir. 2002); Malchi, 211 F.3d at 956-58. Nor do recreation and commissary restrictions or solitary confinement implicate due process concerns. See Sandin, 515 U.S. at 486 (confinement in administrative segregation); Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997) (loss of commissary privileges and cell restriction). Absent some constitutionally protected liberty interest, due process does not attach to a prison disciplinary proceeding. Therefore, petitioner's claims (1) through (3) do

5

not present a basis for federal habeas relief.

Petitioner's fourth claim does not challenge the length or duration of his sentences, and is not properly maintained in a habeas corpus petition. *Preiser,* 411 U.S. at 493. Rather, this claim should be pursued in a § 1983 civil rights action.

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not made a substantial showing of the denial of a constitutional right.

SIGNED March \_\_\_\_25\_\_\_\_, 2013.

_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE